FILED

NOV 29 2012

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, a North Dakota corporation, <br><br>Plaintiff, <br><br>v. <br><br>RAVE BROS., INC., a South Dakota corporation; and KRAFT ELECTRIC, INC., a South Dakota corporation, <br><br>Defendants. | Civil Action No.: 12-5087 <br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, by and through its attorneys, Daniel R. Fritz of Lindquist & Vennum PLLP and Brad W. Breslau of Cozen O'Connor, complains as follows:

### Parties, Jurisdiction and Venue

1. At all times relevant Plaintiff is and was a North Dakota corporation conducting the business of insurance in South Dakota. Plaintiff, at all times relevant, insured David and Christina Riemenschneider, who resided at 7100 Sun Ridge Road, Rapid City, South Dakota 57702 ("Riemenschneider home").

2. At all times relevant, Defendant Rave Bros., Inc. ("Defendant Rave") is and was a South Dakota corporation doing business in Rapid City, County of Pennington, South Dakota. Defendant Rave was the general contractor for the construction of the Riemenschneider home.

3. At all times relevant Kraft Electric, Inc. ("Defendant Kraft") is and was a South Dakota corporation doing business in Rapid City, County of Pennington, South Dakota. Defendant Kraft was the electric subcontractor for the construction for the Riemenschneider home.

4. This Court has jurisdiction over the civil action pursuant to 28 U.S.C. §1332 because diversity exists between plaintiff and defendant and the amount in controversy, exclusive of costs and interests, is in excess of $75,000.00.

5. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391 because the events or omissions giving rise to the claims in this civil action occurred in this judicial district.

## General Allegations

6. On or about February 24, 2011, the Riemenschneider home was destroyed by fire. As a result of this fire, Plaintiff paid moneys to and on behalf of David and Christina Riemenschneider for damages to their real and personal property as well as for living expenses and other damage related items. Plaintiff is now contractually and equitably subrogated to the claims of the Riemenschneiders to the extent of such payments made.

## First Claim for Relief
### (Negligence – Defendant Rave)

7. Plaintiff adopts and incorporates by reference its General Allegations as though fully set forth herein.

8. Defendant Rave negligently constructed the Riemenschneider home.

9. As a proximate result of the negligence of Defendant Rave, Plaintiff was damaged in an amount to be proven at the time of trial.

## Second Claim for Relief
### (Breach of Implied Warranty of Reasonable Workmanship- Defendant Rave)

10. Plaintiff adopts and incorporates by reference its General Allegations and First Claim for Relief as though fully set forth herein.

11. Defendant Rave impliedly warranted that the Riemenschneider home would be constructed with reasonable workmanship.

12. Defendant Rave breached its implied warranty of reasonable workmanship and as a result of such breach, Plaintiff incurred damages and losses in an amount to be proven at the time of trial.

### Third Claim for Relief
### (Negligence of Subcontractors -- Defendant Rave)

13. Plaintiff adopts and incorporates by reference its General Allegations and all previous claims for relief as though fully set forth herein.

14. Defendant Rave, as a general contractor, is liable to Plaintiff for the negligence of its subcontractors, including, but not limited to, Defendant Kraft.

15. As a result of the negligence of Defendant Rave's subcontractors, Plaintiff incurred damages and losses in an amount to be proven at the time of trial.

### Fourth Claim for Relief
### (Negligence – Defendant Kraft)

16. Plaintiff adopts and incorporates by reference its General Allegations and all previous claims for relief as though fully set forth herein.

17. Defendant Kraft was negligent in the performance of its electrical work at the Riemenschneider home.

18. As a proximate result of the negligence of Defendant Kraft, Plaintiff was damaged in an amount to be proven at the time of trial.

### Fifth Claim for Relief
### (Breach of Implied Warranty of Reasonable Workmanship – Defendant Kraft)

19. Plaintiff adopts and incorporates by reference its General Allegations and all previous claims for relief as though fully set forth herein.

20. Defendant Kraft impliedly warranted that the electrical work which it performed at the Riemenschneider home would be performed with reasonable workmanship.

21. Defendant Kraft breached its implied warranty of reasonable workmanship and as a result of such breach, Plaintiff incurred damages and losses in an amount to be proven at the time of trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief as follows:

1. For damages in an amount to be proven at trial;
2. For interest, costs and attorney fees allowable by law; and
3. For such other and further relief as this court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated this 26th day of November, 2012.

Respectfully submitted,

**LINDQUIST & VENNUM PLLP**

By: _____
Daniel R. Fritz, Esq.
100 S. Dakota Avenue
Sioux Falls, SD 57104
(605) 978-5205

**COZEN O'CONNOR**
Brad W. Breslau, Esq. (*pro hac vice* motion pending)
707 17th Street, Suite 3100
Denver, CO 80202
(866) 765-8613

Attorneys for Plaintiff

Plaintiff's Address:

99 Bedford Street
Boston, MA 02111

4

DENVER\197508\5